IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLYDE T. GAMBLES,

    Petitioner,                     No. CIV S-05-0512 LKK EFB P

    vs.

K. PROSPER, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On February 10, 2005, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of California. This action was transferred to this court on March 16, 2005. Respondent moves to dismiss on the ground the petition is untimely. Petitioner asserts that he is entitled to equitable tolling because his legal papers were lost in June 2004. For the reasons explained below, the court finds that the petition is untimely.

**I.    Procedural History**

        On March 20, 2000, petitioner was convicted of robbery, false imprisonment by violence, and assault with a deadly weapon and was sentenced to serve 15 years in prison. Cal. Pen. Code §§ 211, 236, 24(a)(2). Petitioner appealed and the judgment was affirmed in its entirety on April

15, 2002.  Ex. A.  Petitioner filed a petition for review in the California Supreme Court, but that court denied review on May 22, 2002.  Exs. C, D.  Petitioner filed a petition for a writ of habeas corpus in the trial court on May 6, 2003.  Ex. E.  That court denied the writ on June 4, 2003.  Ex. F.  Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court (case number S117681) on July 24, 2003.  Ex. G.  That court denied the writ on March 30, 2004.  Petitioner returned to the trial court with a habeas petition on January 10, 2005, challenging his sentence under the newly-decided case of *Blakely v. Washington*, 542 U.S. 296, 304 (2004) (state court's imposition of sentence beyond statutory maximum based on fact, other than prior conviction, violated defendant's Sixth Amendment right to jury trial).  Ex. I.  On March 21, 2005, petitioner filed a habeas petition containing his *Blakely* challenge in the state appellate court.  Ex. K.  That court denied relief on March 25, 2005.  Ex. L.  On April 22, 2005, petitioner filed a habeas petition raising his *Blakely* claim in the California Supreme Court.  Ex. M.  That court denied the writ on March 15, 2006.  Ex. N.

Petitioner filed his federal habeas petition on February 10, 2005.

**II.    Standards**

A one-year limitation period for seeking federal habeas relief begins to run from the latest of:  the date the judgment became final on direct review; the date on which a state-created impediment to filing is removed; the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review; or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  The judgment on direct review becomes final when the 90-day limit for filing a petition for certiorari expires.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The period is not tolled "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a properly filed state post-conviction application tolls the statute of limitations.  28 U.S.C. § 2244(d)(2).  In California, a properly filed post-conviction application is "pending"

during the intervals between a lower court's decision and the filing of a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). Petitioner has the burden of establishing entitlement to tolling. *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.    Analysis**

Since the California Supreme Court denied petitioner's petition for review on May 22, 2002, and petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final on August 20, 2002. He therefore had until August 20, 2003, to file a federal habeas petition. Absent tolling, petitioner's February 10, 2005, petition is nearly one and one-half years late. However, plaintiff is entitled to 329 days of statutory tolling, from May 6, 2003, until March 30, 2004, based on the habeas petitions he filed in the trial court and in the California Supreme Court shortly after his conviction was final. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002). Therefore, petitioner had to file his federal habeas petition no later than July 14, 2004. Even with this tolling period, the petition is six months and 27 days late.

The petitioner's subsequent state petitions raise the question of whether there is a further period of tolling. Respondent asserts that petitioner is not entitled to statutory tolling for his January 10, 2005, and April 22, 2005, state-court habeas petitions because they constitute a "second round" of state post-conviction relief. California prisoners are entitled to statutory tolling while they properly pursue one "full round" of state post-conviction remedies. *Carey*,

3

536 U.S. at 223. In California, a full round of review ordinarily begins when the petitioner files a petition in the state court following the completion of direct review, and ends when the California Supreme Court denies a petition. *Carey*, 536 U.S. at 220, 223. Applying these principles, petitioner's first full round began when he filed his May 6, 2003, petition in the trial court, and concluded when the California Supreme Court issued its March 30, 2004, order denying relief. Furthermore, the limitation period expired July 14, 2004, well before January 10, 2005, when petitioner filed his second habeas petition in the trial court. Therefore, even if the second petition in the trial court and in the California Supreme Court somehow are not a "second round" for purposes of *Carey*, they provide no basis for statutory tolling of an already expired limitations period. *See Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a state petition for post-conviction relief was filed). Therefore, petitioner's federal habeas petition must be dismissed as untimely unless he can demonstrate he is entitled to equitable tolling.

Petitioner asserts that he is entitled to equitable tolling because,

> In the process of inmate property procedure all legal documents and transcripts belonging to petitioner were lost and never recovered during the month of June 2004. Staff and petitioner's attempt to retrieve legal documents and transcripts were to no avail.

Pet'r Opp'n at 1. A prisoner may be entitled to equitable tolling if prison officials deny him access to his legal papers. *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) (remanding for district court to determine whether equitable tolling warranted where prison denied petitioner access to legal papers). As stated above, petitioner had until July 14, 2004, to file a federal habeas petition. Therefore, a denial of access to legal papers beginning in June 2004 could be grounds for equitable tolling. But petitioner's only evidence is his own declaration stating, "[O]n June 4, 2004, petitioner's property containing his legal documents and transcripts were misplaced during an 'inmate property transfer.' Correctional staff and petitioner's attempts to relocate legal documents and transcripts were to no avail." Pet'r Opp'n, Ex. A. There is no

4

evidence as to what petitioner did to obtain his legal materials or when they were returned to him. Without evidence on these questions, the court cannot find that the loss of his papers caused petitioner to be unable to file his petition despite exercising diligence. Nor can the court determine the amount of tolling to which he would be entitled. Accordingly, petitioner has not demonstrated that he is entitled to equitable tolling.

For all the reasons stated, the court finds that petitioner's habeas petition was filed beyond the one-year statute of limitations.

Accordingly, it is hereby RECOMMENDED that respondent's April 3, 2006, motion to dismiss be granted and that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE